## Case No. 7,656.

### In re KELLEY.

[19 N. B. R. 326.] [1]

District Court, S. D. New York. Dec. 6, 1878.

BANKRUPTCY — MEMBER OF INSOLVENT FIRM—PETITION TO BRING OTHER MEMBERS IN—POWER OF COURT TO GRANT RELIEF.

The bankrupt was adjudicated upon creditors' petition. A petition was subsequently filed by the bankrupt and his assignee, alleging that at the time of the filing of the creditors' petition the bankrupt was a member of a firm which had debts exceeding three hundred dollars, and that it had assets to be administered, and prayed that the other members might be brought in and the firm adjudicated. Held, that the relief asked was not so obviously beyond the power of the court to grant that the petition should be summarily dismissed.

[In the matter of James E. Kelley, a bankrupt.]

Philo Chase, for petitioners.
G. A. Seixas, for Barnum.

CHOATE, District Judge. This is a petition filed by Kelley, the bankrupt, and his assignee, alleging that at the time of the filing of the creditors' petition upon which he was adjudicated bankrupt he was a member of a firm of Barnum & Co., consisting of the bankrupt and one Barnum; that said firm was then insolvent; that it then had and still has debts exceeding three hundred dollars; and that there then were and still are firm assets to be administered; that the adjudication of the firm and of Barnum is necessary to the administering of the estate of Kelley in this court; and that Kelley cannot obtain any discharge unless Barnum and the firm shall be brought in; and the petition prays that Barnum and the firm of Barnum & Co. be adjudicated bankrupt in this proceeding.

An order to show cause having been issued against Barnum, he appeared and filed certain objections to the jurisdiction; and it is urged on his behalf that a copartner and a firm can be adjudicated only on the voluntary petition of all the partners, or on the petition of one or more of them against those who refuse to join, or upon the petition of

one-fourth in number and one-third in amount of the firm creditors, alleging an act of bankruptcy; that the proceedings for the adjudication of Barnum and Barnum & Co. can be only in conformity with general order No. 18, and that to bring Barnum into this proceeding involves the absurdity of amending the creditors' petition by turning it into a petition of the firm creditors, since upon such a petition alone Barnum and the firm could have been actually adjudicated in this proceeding; that the proper and only proper course for Kelley to have taken when he found that he was proceeded against by his creditors, if he wished to obtain a discharge, was to file an original petition against Barnum for the adjudication of the firm, and then obtain a stay of the other case; that this mode of proceeding is irregular and not authorized by the statute or by the general orders.

It is true that this mode of proceeding for the adjudication of a firm is not apparently contemplated by general order No. 18; but in Re Greenfield [Case No. 5,773], No. 212, in this court, in which a voluntary petition was filed by Greenfield in August, 1867, after the adjudication and the appointment of an assignee and the discharge of the bankrupt. a petition was filed by the assignee showing that at the time of the filing of the petition Greenfield was a member of a firm then having debts exceeding three hundred dollars and assets, which firm debts had been set forth in his schedules, and that the firm was then and still was insolvent, and praying that the copartner and the firm be brought in and adjudicated bankrupt in that proceeding; and upon that petition and the default of the copartner an adjudication passed against the copartner and the firm. It was held to be the duty of the assignee, as the representative of the creditors of Greenfield, being unable in any other way to obtain full control of the estate of the bankrupt, thus to bring in the other partner and the firm. In re Greenfield [Id. 5,772]. In the case of In re Grady [Id. 5,654] a similar ruling was made after argument and careful examination of the question by the district judge of South Carolina. These cases do not appear to have been questioned in any later authorities; and while the relief given is not expressly authorized by the statute, and is not contemplated in the general order. it was in furtherance of justice, and is based on the theory that the bringing in of the copartner is necessary to the complete administration of the estate of the bankrupt in the manner provided for in the statute itself.

In the present case the bankrupt himself joins in the petition. He has an interest independent of that which the assignee has as the representative of the creditors; for without bringing in the copartner. he cannot get the discharge which it was clearly the intention of the act that every adjudicated bankrupt, except in the cases and for the causes for which it is withheld, should be permitted to apply for and receive. The two decisions are precedents, therefore, for entertaining this petition, unless the fact that the present proceedings were commenced by a creditors' petition is sufficient to distinguish it from those cases.

It was insisted that to bring in the copartner in this proceeding is, in effect, to allow an amendment of these proceedings from the commencement, to make it what it must have been to have brought the firm in originally upon a creditors' petition; that is to say, the case of a petition by one-fourth in number and one-third in amount of the firm creditors, alleging the insolvency of the firm and an act of bankruptcy of the firm. If the relief implies that absurdity, of course it is impossible. It is evident, however, that it does not. There is no need to amend or change the original petition in this case. When the adjudication passes upon a creditors' petition, the petitioning creditors cease to be parties to the cause. From that point the case becomes the case of the bankrupt. He and his creditors are the only parties before the court, and. so far as the relief now sought is concerned, it seems to be immaterial how he got into bankruptcy. The power of the court over his estate is the same whether he was adjudicated on his own or on his creditors' petition. The nature of the preliminary proceeding affects his right to a discharge, or the conditions on which he can have a discharge, but so far as regards the power of the court to grant this relief there seems to be no greater difficulty in the one case than in the other. If it be conceded that this relief should not be granted for the purpose or with the effect of bringing in a copartner against his will, in any case except in a case authorized by Rev. St. § 5121, that is "on the petition of such partners or of any one of them, or on the petition of any creditor of the partners," yet, in the present case it may be said that this section will be substantially as well as literally complied with if Barnum is brought in on the petition of Kelley, his copartner. although. in the cases above referred to. the copartner was brought in only upon the petition of his and his creditors' legal representatives. There was a difficulty of an apparent departure from the statute in those cases which does not apply to this.

The fact that the general order No. 18 does not provide for such a case seems not decisive on the question of the jurisdiction. Section 5121 provides that in all other respects, except as provided in that section. "the proceedings against partners shall be conducted in the like manner as if they had been commenced and prosecuted against one person alone." In conformity with this requirement. the general orders provide for the case of a copartner objecting to being adjudged bankrupt. and gives such refusing partner the same opportunity to deny and contest the fact of insolvency as in the case of an indi-

vidual. Where, however, one of the partners is the petitioner, no act of bankruptcy need be alleged or proved, the only issue being whether the insolvency exists, and whether the facts as to the amount of the firm debts and the residence or place of business of the partners is such as to bring the case within the jurisdiction of the court. The objection made here, therefore, that no act of bankruptcy is alleged seems not to be tenable, since the adjudication is asked on the petition of a copartner. Nor does the fact of a prior refusal of the copartner to join seem to be made by the statute a jurisdictional fact which it is necessary to prove.

The questions raised on the preliminary objections are important and difficult. But, without passing finally on them, an order will be entered that the respondent put in an answer to the petition. He may, in his answer, plead to the jurisdiction, and he may be able to state other facts which, if proved, will defeat the petition, and upon petition, answer, and proofs, all the questions raised can be fully discussed and considered. All that is determined now is, that the relief asked is not so obviously beyond the power of the court to grant that the petition should be summarily dismissed.